Filed 3/1/22  P. v. Neely CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JALIEL RASHAD NEELY,<br><br>    Defendant and Appellant. | 2d Crim. No. B303324<br>(Super. Ct. No. TA084532)<br>(Los Angeles County) |

In 2007, a jury convicted Jaliel Rashad Neely of first degree murder (Pen. Code, §§ 187/189)[1] but found the robbery-murder special circumstance allegation "not true."  Neely also was convicted of two counts of attempted second degree robbery (§§ 664/211) and possession of cocaine base for sale (Health & Saf. Code, § 11351.5).  (*People v. Neely* (2009) 176 Cal.App.4th 787, 791, 793 (*Neely*).)  The trial court sentenced him to 25 years to

---

[1] All undesignated statutory references are to the Penal Code unless otherwise stated.

life for first degree murder, a consecutive prison term of 10 years for a firearm enhancement (§ 12022.53), a consecutive term of one year for one attempted robbery, a concurrent term of three years for the second attempted robbery, and a concurrent term of four years for the drug offense. (*Neely*, at p. 793.) We affirmed the convictions but remanded for resentencing of the determinate terms. (*Id.* at p. 792.)

In 2019, Neely filed a petition for recall and resentencing pursuant to Senate Bill No. 1437 (SB No. 1437) and newly enacted section 1170.95. That statute "allows a defendant convicted of felony murder to have his conviction vacated and be resentenced if the conviction would not be valid under the recent amendments to sections 188 and 189. . . ." (*People v. Harrison* (2021) 73 Cal.App.5th 429, 431 (*Harrison*).)

After appointing counsel for Neely, the trial court denied his petition for resentencing without issuing an order to show cause. Neely contends the trial court erred when it found his petition failed to state a prima facie case for relief under section 1170.95. He also contends the jury's "not true" finding on the robbery-murder special circumstance allegation requires that the matter be remanded with instructions to vacate his murder conviction and resentence him. We find this latter contention dispositive. (See *Harrison, supra*, 73 Cal.App.5th at pp. 431-432; *People v. Clayton* (2021) 66 Cal.App.5th 145, 149, 158-159, rev. denied Sept. 15, 2021, S270309 (*Clayton*).)

*Clayton* and *Harrison* held that a jury's "not true" finding on a felony-murder special circumstance allegation constituted "'a prior finding by a . . . jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the [underlying] felony,' thus triggering the [trial] court's duty

2

to vacate the murder conviction and resentence the petitioner under section 1170.95, subdivision (d)(2)." (*Clayton*, *supra*, 66 Cal.App.5th at pp. 150, 154-159; *Harrison*, *supra*, 73 Cal.App.5th at p. 433.)

Persuaded by the reasoning of these cases, we reverse the trial court's order denying Neely's resentencing petition and remand with directions to grant the petition, vacate the murder conviction and resentence him on the remaining counts.

## FACTUAL BACKGROUND[2]

Oluwaseyi Awoleye and 18-year-old Johnny King were working in a cellular phone store owned by Awoleye. Neely, Brandon Meeks and M.W. entered the store and yelled, "Get down, get down." Meeks walked up to Awoleye and pointed a gun at his head. Neely stood next to King and was also holding a gun. M.W. was between Neely and Meeks. M.W. asked, "You know what this is?"

Awoleye heard a gunshot and King fell to the ground fatally wounded. The three men ran out of the store. M.W. appeared to take some cell phone accessories from a display case before he left.

When the police arrived, Awoleye described the three men and told officers he recognized M.W. as a former customer. The next day, Awoleye made a photo identification of Neely, Meeks, and M.W. as the three assailants.

Police located and arrested the three men. While searching Neely's residence, sheriff's deputies found rock cocaine.

After his arrest, M.W. confessed that he had participated in the murder and attempted robberies. Neely also admitted

---

[2] The facts are adapted from our prior opinion. (*Neely*, *supra*, 176 Cal.App.4th at pp. 792-793.)

participation. Neely told sheriff's deputies he was at Awoleye's store with M.W. and Meeks at the time of the murder and attempted robberies but that they intended only to rob the store. Neely claimed he was the "look-out" and was unarmed. He said M.W. shot King.

## DISCUSSION

SB No. 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Clayton, supra*, 66 Cal.App.5th at p. 151.) With respect to felony murder, section 189 was amended to provide "that a participant in a specified felony during which a death occurs may be convicted of murder for that death only if it is proved that the defendant was the actual killer, an aider and abettor to the murder who acted with the intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life." (*Clayton*, at p. 151; § 189, subd. (e)(1)-(3).)

Thus, to be eligible for relief under section 1170.95, Neely must have been convicted of felony murder or murder under a natural and probable consequences theory. (§ 1170.95, subd. (a); *People v. Gentile* (2020) 10 Cal.5th 830, 842, 853.) The People do not dispute that the jury found "not true" the felony-murder special circumstance allegation in Neely's case. They also acknowledge that *Clayton* and *Harrison* stand for the proposition that a jury's not true finding on such an allegation entitles the petitioner to section 1170.95 relief as a matter of law. (See

4

*Clayton*, *supra*, 66 Cal.App.5th at pp. 149, 154-159; *Harrison*, *supra*, 73 Cal.App.5th at p. 433.) They ask us to disregard those decisions and to adopt instead the C*layton* dissent. We decline to do so.

*Clayton* held that the jury's acquittal of the defendant on a robbery-murder special circumstance allegation constituted a prior finding under section 1170.95, subdivision (d)(2) that made relief mandatory on the resentencing petition. (*Clayton*, *supra*, 66 Cal.App.5th at pp. 150, 154-155.) The majority explained that the acquittal on that allegation "means the jury found the evidence insufficient to prove beyond a reasonable doubt that the petitioner was an aider and abettor with the intent to kill or a major participant in the robbery who acted with reckless indifference to human life. In that case, the prosecution cannot sustain its burden of proving ineligibility under [section 1170.95,] subdivision (d)(3) without invalidating the jury's finding." (*Clayton*, at p. 155.)

*Harrison* reached the same conclusion, observing that "nothing in section 1170.95, subdivision (d)(2) allows a court considering a resentencing petition to disregard a prior court or jury finding [even] if the court considers it factually or legally erroneous. Giving a resentencing court that power would defeat the purpose behind making prior findings conclusive, since there would be little need to give conclusive effect to findings with which the resentencing court agreed. Only when a finding is debatable would subdivision (d)(2) become relevant, so that provision must prevent trial courts from re-examining the merits of or reasoning underlying prior court or jury determinations." (*Harrison*, *supra*, 73 Cal.App.5th at p. 443.)

## DISPOSITION

The order denying Neely's petition to vacate his murder conviction and for resentencing is reversed. The matter is remanded to the trial court with directions to grant the petition, vacate Neely's murder conviction and resentence him on the remaining counts.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P.J.


TANGEMAN, J.

6

Kelvin D. Filer, Judge
Superior Court County of Los Angeles

_____

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.